[Crim. No. 2344. Third Dist. Oct. 29, 1952.]

THE PEOPLE, Respondent, v. LACY GARLAND WHEELER, Appellant.

Jesse E. Fluharty for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

VAN DYKE, J.—By information appellant Lacy Garland Wheeler and his codefendant were charged with robbing one Joe Ybarra of $360 in currency and a knife valued at $5. After a trial a jury brought in a verdict finding both defendants guilty of robbery of the second degree. From the judgment and the order denying a new trial Lacy Garland Wheeler alone has appealed, and he prosecutes his appeal through counsel other than the counsel who represented him at the trial.

There was testimony that after the three men had engaged in a card game in Modesto they entered a truck belonging to the Wheelers and drove out on the highway a short way from town where Mr. Ybarra was to get out and go to his home; that appellant asked him for $2.00 as fare for transporting him to that point and when Ybarra protested appellant struck him, knocking him down; that he continued to pummel him while his codefendant went through his pockets and abstracted the money and the knife. Appellant and his codefendant gave a different version. Appellant testified that Ybarra, after protesting the fare, drew a knife, whereupon appellant pushed him so that he fell. He then took the knife to prevent Ybarra from injuring him and he and his codefendant left the scene. There was evidence that Ybarra showed the effects of a beating and that there was blood at the scene of the scuffle. The foregoing shows that the evidence was in conflict and it is not argued that the verdict is not substantially supported.

The sole contention advanced for reversal revolves around the following incident occurring at the trial: Appellant's counsel, while appellant was on the stand testifying in his own behalf, asked him this question, "Have you paid me any money directly or indirectly?" Appellant replied that he had not. Later, when his codefendant was on the stand testifying in his own behalf, the same counsel who represented both men asked the following question: "I forgot to ask you a question I asked Lacy Wheeler. Have you paid me

any money directly or indirectly?'' The witness replied that he had not. He was then asked if he had made an agreement to pay him anything, at which point the prosecuting attorney objected on the ground that the evidence sought to be elicited was incompetent, irrelevant and immaterial. Appellant's counsel thereupon said: ''Merely a matter of personal knowledge. I don't want the jury to think I got this $360.00.'' The court sustained the objection.

It is argued that as a result of the asking of the questions concerning payment, the remark made by appellant's counsel, and the failure of the trial judge to take affirmative action, though action was not requested by either counsel, to strike out the questions, answers and the remark of counsel and instruct the jury to disregard the same, a fair trial was denied to appellant. We do not agree. Counsel's reference is to such cases as *Dastagir* v. *Dastagir,* 109 Cal.App.2d 809 [241 P.2d 656], *People* v. *McDaniel,* 59 Cal.App.2d 672 [140 P.2d 88], *People* v. *Yuen,* 32 Cal.App.2d 151 [89 P.2d 438], and other cases, wherein it is declared that a trial judge does not sit as a mere arbitrator between opposing counsel, but is under the affirmative duty to see that errors or extraneous matters are not brought into the case that might have the effect of clouding the issue or confusing the jury and that when improper questions are asked the court is acting within the proper scope of its duty in striking out the offending question whether or not objection had been previously made thereto. (*People* v. *Yuen, supra.*) Here the questions deemed objectionable were asked by appellant's own counsel and the remark deemed derogatory to appellant's interests was made by his counsel. Attorneys representing parties at a trial perform highly important functions and on the whole are of right entitled to present their clients' causes in their own manner, subject, of course, to the general rules that govern. Generally speaking, courts are and ought to be reluctant to interfere with an attorney's method of trying his case or to sit in judgment on what the attorney believes will benefit his client so far as the method of trial be concerned, and again subject to the governing rules. Attorneys may justly resent a trial judge's attempt to compel an attorney to try his case as the judge thinks he would try it if he were an advocate. We have read the record of the trial in this case and throughout it appears that appellant's counsel zealously presented the facts favorable to appellant's case and argued in his behalf that he was innocent of the crime charged.

Specifically with reference to the gratuitous remark interjected by appellant's counsel, its effect depends greatly upon the mien and manner of counsel. Generally, as here, such matters are not reflected in the record. Hence we cannot say that by the remark he made appellant's counsel was in any sense betraying his client's interests or making damaging admissions. Appellant says that his counsel was intimating to the jury that he thought appellant was guilty and counsel was only doing his duty in defending him, but "did not want his fellow citizens to think that he received any of the alleged loot." We do not think that from this record it can be said counsel's conduct must bear the interpretation that appellant seeks to put upon it. As we have said, his counsel's attitude and conduct throughout the trial appears from the record to have been that of a counsel endeavoring as best he could to present his client's cause favorably to those who had to pass upon his guilt or innocence. We might, as appellant does, question his good judgment in asking the questions he asked and in making the remark he made, but from the record we certainly cannot say that he was guilty of intentional dereliction of duty. Under the circumstances presented we think the trial court was not called upon to, first, assume that counsel was being untrue to his trust; second, that he was exercising bad judgment in the way in which he was presenting his client's cause; and, third, to affirmatively interfere by striking what the court deemed to be offensive matter from the record and instructing the jury to disregard the same. It is to be remembered that the trial court did sustain the only objection made and thus terminated the episode. In addition, he instructed the jury that whenever testimony had been rejected by the court they were to disregard the same wholly.

Under all the circumstances as shown by the record we think the judgment and the order should be and they are hereby affirmed.

Peek, J., and Schottky, J. pro tem., concurred.